# EXHIBIT 2

C-2995-21-I

CAUSE NO. [*_____*]

| | | |
|---|---|---|
| **DOLORES E. VALDEZ** | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| V. | § | [*_____*] JUDICIAL DISTRICT |
| | § | |
| **CITY OF MCALLEN** | § | |
| **Defendant.** | § | OF HIDALGO COUNTY, TEXAS |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Dolores E. Valdez, hereinafter called Plaintiff, complaining of and about City of McAllen, hereinafter called Defendant, and for cause of action shows unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

**PARTIES AND SERVICE**

2. Plaintiff, Dolores E. Valdez, is an Individual whose resides in Hidalgo County, Texas. The last three numbers of Dolores E. Valdez's driver's license number are 951. The last three numbers of Dolores E. Valdez's social security number are 563.

3. Defendant City of McAllen, a Corporation based in Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to sections 17.024 of the Texas Civil Practice and Remedies, by serving the City Secretary of the City of McAllen, at 1300 Houston Avenue, City Hall – 2nd Floor, McAllen, Texas, 78501. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

**JURISDICTION AND VENUE**

4. The subject matter in controversy is within the jurisdictional limits of this court.

Page 1 of 7

Case 7:21-cv-00367 Document 1-2 Filed on 09/24/21 in TXSD Page 3 of 11
Electronically Filed
7/28/2021 5:03 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-2995-21-I

5. Plaintiff seeks:

a. only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

6. This court has jurisdiction over the parties because Defendant is a Texas resident.

7. Venue in Hidalgo County is proper in this cause.

## NATURE OF ACTION

8. This is an action under Chapter 21 of the Texas Labor Code, Section 21.001 et. seq. Texas Labor Code, as amended, to correct unlawful employment practices on the basis of age and disability.

9. This is an action under Chapter 21 of the Texas Labor Code, Section 21.001 et. seq. Texas Labor Code, as amended, specifically Section 21.055 to correct unlawful employment practices on the basis of retaliation.

## CONDITIONS PRECEDENT

10. More than 180 days prior to the institution of this lawsuit, Plaintiff filed a charge with the Texas Workforce Commission, Civil Rights Division, alleging violations of Chapter 21 Employment Discrimination of the Texas Labor Code. A notice of the right to file a civil action has been issued by the Texas Workforce Commission, Civil Rights Division. All conditions precedent to the institution of this lawsuit have been fulfilled. This suit is filed within 60 days after the date a notice of the right to file a civil action was received by Plaintiff and is brought within two years of the date the complaint relating to the action was filed.

## FACTS

11. Plaintiff, Dolores E. Valdez, was hired with the City of McAllen for the public library as a library clerk on or about March 2001. Plaintiff was paid at an hourly rate of $12 per

Case 7:21-cv-00367   Document 1-2   Filed on 09/24/21 in TXSD   Page 4 of 11

Electronically Filed
7/28/2021 5:03 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-2995-21-I

hour. Plaintiff had been employed with defendant for about 19 years.

12. Plaintiff was diagnosed with systemic lupus on or about November 2013. Plaintiff verbally told her manager about her diagnosis. On July 15, 2014, Plaintiff gave her manager a doctor's notice with her all her diagnoses.

13. Plaintiff's date of birth is 01/22/1967. Plaintiff was 53 years old at the time of termination.

14. Plaintiff required a medical necessity surgical procedure in February 2020. Plaintiff requested FMLA on or about June 2019. Plaintiff's FMLA application was approved on July 3, 2019, for intermittent leave. Defendant had previously granted at least one other employee leave without pay for a similar time period and the employee was able to go back to work without any issues.

15. Plaintiff had a surgical procedure on February 12, 2020. Plaintiff was released from the hospital on February 14, 2020. Plaintiff had a follow-up with surgeon scheduled a week after surgery. Plaintiff went to the emergency room on February 19, 2020, and was released. Plaintiff went back to the emergency room on March 4, 2020, and was placed in the intensive care unit. Plaintiff emailed manager and human resource supervisor. Plaintiff was sent a letter of termination dated March 11, 2020. Plaintiff was released from the intensive care unit on March 16, 2020. Plaintiff was sent to a rehabilitation center from March 16, 2020, to April 28, 2020. Plaintiff was not aware of her termination until early May 2020.

## AGE DISCRIMINATION

16. Defendant, City of McAllen, intentionally engaged in unlawful employment practices involving Plaintiff because of her age. At all material times, Plaintiff was 40 years of age or older.

Case 7:21-cv-00367   Document 1-2   Filed on 09/24/21 in TXSD   Page 5 of 11

Electronically Filed
7/28/2021 5:03 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-2995-21-I

17. Defendant, City of McAllen, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's age in violation of the Texas Labor Code.

18. Defendant, City of McAllen, classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to employees similarly situated in violation of the Texas Labor Code.

19. Plaintiff alleges that Defendant, City of McAllen, discriminated against Plaintiff on the basis of age with malice or with reckless indifference to the state-protected rights of Plaintiff.

## DISABILITY DISCRIMINATION

20. Defendant, City of McAllen, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her disability.

21. Defendant, City of McAllen, by and through Defendant's agents, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's disability in violation of the Texas Labor Code.

22. Defendant, City of McAllen, by and through Defendant's agents, intentionally classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to other non-disabled employees similarly situated in violation of the Texas Labor Code.

Case 7:21-cv-00367   Document 1-2   Filed on 09/24/21 in TXSD   Page 6 of 11

Electronically Filed
7/28/2021 5:08 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-2995-21-I

23.     At all times material hereto, Plaintiff was able to perform the essential functions of her position. Plaintiffs' disability substantially limited at least one major life activity. Plaintiff was discriminated against on the basis of her disability.

24.     Plaintiff alleges that Defendant, by and through Defendant's agents, discriminated against Plaintiff on the basis of disability with malice or with reckless indifference to the state-protected rights of Plaintiff.

### RESPONDEAT SUPERIOR AND RATIFICATOIN

25.     Whenever in this petition it is alleged that the Defendant, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

### RETALIATION BY CITY OF MCALLEN

26.     Defendant, committed unlawful employment practices against Plaintiff because Plaintiff engaged in activity protected under the Texas Labor Code.

27.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities, and otherwise adversely affect her status as an employee, because of her engagement in a protected activity.

28.     Plaintiff would show that the retaliatory actions taken against her were motivated by Plaintiff exercise of her rights under FMLA.

29.     Plaintiff alleges that the retaliation was committed with malice or with reckless indifference to the state-protected rights of Plaintiff.

### DAMAGES

Case 7:21-cv-00367   Document 1-2   Filed on 09/24/21 in TXSD   Page 7 of 11

Electronically Filed
7/28/2021 5:03 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-2995-21-I

30. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. Actual Damages;

    b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just as provided by the Texas Labor Code section 21.259. All conditions precedent have been performed or have occurred;

    c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just as provided by the Texas Labor Code section 21.258;

    d. All reasonable and necessary costs incurred in pursuit of this suit;

    e. Emotional pain;

    f. Expert fees as the Court deems appropriate;

    g. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    h. Pre and Post judgment interest;

    i. Mental anguish in the past;

    j. Mental anguish in the future;

    k. Loss of benefits.

## EXEMPLARY DAMAGES

31. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the state-protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Section 21.2585 of the Texas Labor Code.

Case 7:21-cv-00367 Document 1-2 Filed on 09/24/21 in TXSD Page 8 of 11

Electronically Filed
7/28/2021 5:03 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-2995-21-I

## SPECIFIC RELIEF

32. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

    a.    Rehire Plaintiff; and

    b.    Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant.

    c.    Reinstate all benefits to which Plaintiff was entitled but for the unlawful employment actions of Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Dolores E. Valdez, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Section 21.2585 of the Texas Labor Code, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE VARGAS LAW OFFICE

324 W. University Drive
EDINBURG, TX 78539
Tel. (956) 287-3743
Fax. (956) 365-9771
Email: thevargaslawoffice@gmail.com

By: _____
Daniel E. Vargas
Texas Bar No. 24072403
Attorney for Plaintiff Dolores E. Valdez

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

C-2995-21-I
398TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

## THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**CITY OF MCALLEN**
**CITY SECRETARY OF THE CITY OF MCALLEN**
**1300 HOUSTON AVENUE, CITY HALL – 2ND FLOOR**
**MCALLEN, TEXAS, 78501**

You are hereby commanded to appear by filing a written answer to the PLAINTIFFS ORIGINAL PETITION at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 398th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 28th day of July, 2021 and a copy of same accompanies this citation. The file number and style of said suit being, **C-2995-21-I, DOLORES E VALDEZ VS. CITY OF MCALLEN**

Said Petition was filed in said court by Attorney DANIEL E. VARGAS, 324 W UNIVERSITY DR EDINBURG TX 78539.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 23rd day of August, 2021.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**JASSIA DE LA PAZ DEPUTY CLERK**

Answer
9/20

CERTIFIED MAIL  9214 8901 0661 5400 0165 8718 00

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 23rd day of August, 2021 I, Jassia De La Paz, Deputy Clerk of the 398th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-2995-21-I, Dolores E Valdez VS. City of McAllen a copy of the citation along with a copy of the petition by certified mail return receipt requested. Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 23rd day of August, 2021.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____
**JASSIA DE LA PAZ, DEPUTY CLERK**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
## CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____, and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____ County, State of Texas, on the _____ day of _____, 20_____.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**



LAURA HINOJOSA
HIDALGO COUNTY DISTRICT CLERK
PO BOX 87
EDINBURG, TX 78540-0087

**RETURN RECEIPT (ELECTRONIC)**

9214 8901 0661 5400 0165 8718 00

C-2995-21-I

CITY OF MCALLEN
CITY SECRETARY OF THE CITY OF MCALLEN
CITY HALL B 2ND FLOOR
1300 HOUSTON AVENUE
**MCALLEN, TX 78501**

CUT / FOLD HERE

Zone 1

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

AUG 25 2021

Lani E.