IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DISIVION

| | |
|---|---|
| **DOLORES ESTER VALDEZ** § | |
| **Plaintiff,** § | |
| § | |
| **V.** § | **CIVIL ACTION No. 7:21-cv-367** |
| § | |
| § | |
| **CITY OF MCALLEN** § | |
| **Defendant.** § | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR NO EVIDENCE SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Dolores Ester Valdez, Non-Movant herein, and requests this Honorable Court to DENY Defendant's Motion for No Evidence Summary Judgment.

I.

PLAINTIFFS CLAIMS

1.  Plaintiff, Dolores Ester Valdez, brought three claims against City of McAllen:

    a.  Age Discrimination under the Age Discrimination in Employment Act (ADEA);

    b.  Disability Discrimination under the Americans with Disabilities Act (ADA); and

    c.  Retaliation under Family and Medical Leave Act (FMLA);

II.

SUMMARY JUDGMENT STANDARD

2.  When a party files for a no-evidence summary judgment, the Movant must allege that the Non-Movant has no evidence to support at least one element of Non-Movant's claim or

defense.

3. The burden is on the Non-Movant to produce summary judgment evidence raising a genuine issue of material fact as to the challenged element. The Court must view the evidence so produced in a light most favorable to the Non-Movant, indulging every reasonable inference and resolving any doubts in Non-Movant's favor.

4. FRCP 56 governs summary judgment motions and provides that summary judgment should only be granted if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" (FRCP 56(a)). In opposing a summary judgment motion, counsel should demonstrate the existence of a genuine issue of material fact or that the defendant is not entitled to judgment as a matter of law.

5. In *Reeves v. Sanderson Plumbing Prods., Inc*., the Supreme Court held that when evaluating summary judgment motions, the court should review the record as a whole but it "must disregard all evidence favorable to the moving party that the jury is not required to believe." The court cautioned that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." (530 U.S. 133, 150-51 (2000).)

6. In light of Reeves, it is made clear that certain issues should be decided by a jury and summary judgment is inappropriate. For example:

   a. Issues regarding credibility of witnesses, weighing the evidence, or the drawing of inferences (Reeves, 530 U.S. at 150-51).

   b. Stray remarks evaluation (Russell v. McKinney Hosp. Venture, 235 F.3d 219, 225-26 (5th Cir. 2000) (court found that manager's age-biased comments showed age discrimination and supported the jury verdict for the plaintiff)).

      c. Cases with contradictory "nondiscriminatory" reasons for adverse actions against the plaintiff (EEOC v. Sears Roebuck & Co., 243 F.3d 846, 852, 53 (4th Cir. 2001)).

      d. Cases that depend on the employer's motive or state of mind (Hunt v. Cromartie, 526 U.S. 541, 549, 551-52 (1999)).

### III.

### AGE DISCRIMINATION UNDER ADEA

7. The Age Discrimination in Employment Act (ADEA) prohibits employment discrimination against applicants and employees on the basis of age (40 and older) (29 U.S.C. §§ 621-634).

8. An employer cannot "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age" (29 U.S.C. § 623(a)(1)).

9. Direct evidence of discrimination is not common. Typically, age discrimination plaintiffs offer only circumstantial evidence of discrimination. In *McDonnell Douglas v. Green*, the US Supreme Court created the standard of proof for disparate treatment cases under Title VII (411 U.S. 792 (1973)). Courts have applied the McDonnell Douglas burden-shifting framework in ADEA cases when the plaintiff offers only circumstantial evidence of discrimination.

10. To establish a prima facie case for age discrimination under ADEA, a plaintiff claiming they were discriminated against on the basis of age when they were terminated would show:

      a. They are a member of a protected class (40 years of age or older);

      b. Their employer took an adverse employment action against them;

      c. They are qualified for the position; and

      d. They were **<u>ultimately</u>** replaced by another employee who is significantly younger to support an inference of discrimination.

11. The burden of production would then shift to the employer to articulate a legitimate, non-discriminatory reason for the employment action.

IV.

DISABILITY DISCRIMINATION UNDER ADA

12. The Americans with Disabilities Act (ADA), as amended by the ADA Amendments Act (ADAAA) (42 U.S.C. §§ 12101 to 12213) prohibits employers from discriminating against qualified individuals with a disability.

13. No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment" (42 U.S.C.A § 12112(a)).

14. Among other things, the ADAAA amended the statutory language from prohibiting discrimination "because of" a disability to prohibiting discrimination "on the basis of" a disability.

15. In the 5th Circuit under the Zenor line of cases, to establish a prima facie case discrimination claim under the ADA, a plaintiff must prove:

      a. that he or she has a disability;

      b. that she was qualified for the job; and

      c. that she was subject to an adverse employment decision on account of her

disability. *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847 (5th Cir. 1999).

16. Once the Plaintiff has made a prima facie case of Age Discrimination, the burden then shifts to the Employer to articulate a legitimate reason for the termination. If the employer offers a legitimate reason for terminating, the burden shifts back to Plaintiff.

17. Plaintiff must offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive[s] alternative).

18. At summary judgment, evidence demonstrating that the employer's explanation is false or unworthy of credence, taken together with the plaintiff's prima facie case, is likely to support an inference of discrimination even without further evidence of defendant's true motive. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir.2003).

19. Nevertheless, a plaintiff's failure to demonstrate pretext does not end the inquiry. Under the ADA, "discrimination need not be the sole reason for the adverse employment decision ... so long as it actually plays a role in the employer's decision making process and has a determinative influence on the outcome." *Pinkerton v. Spellings*, 529 F.3d 513, 519 (5th Cir.2008). For this reason, an employee who fails to demonstrate pretext can still survive summary judgment by showing that an employment decision was based on a mixture of legitimate and illegitimate motives and that the illegitimate motive was a motivating factor in the decision." *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 355 (5th Cir.2005)

20. A disability can be defined in one of three ways:

    a. A physical or mental impairment that substantially limits one or more major life activities; or

    b. A record or past history of impairment; or

    c. Being regarded as having an impairment. (29 C.F.R. § 1630.2(g)(1).)

21. A physical impairment is defined as any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems:

    a. Neurological.

    b. Musculoskeletal.

    c. Special sense organs.

    d. Respiratory (including speech organs).

    e. Cardiovascular.

    f. Reproductive.

    g. Digestive.

    h. Genitourinary.

    i. Immune.

    j. Circulatory.

    k. Hemic.

    l. Lymphatic.

    m. Skin.

    n. Endocrine. (29 C.F.R. § 1630.2(h)(1).)

22. A temporary, non-chronic impairment can as qualify as a disability. A condition that is episodic or in remission qualifies as a disability if it would substantially limit a major life activity in its active state (29 C.F.R. § 1630.2(j)(1)(vii)). Examples of conditions that may be

episodic or in remission are:

    a. Epilepsy.

    b. Asthma.

    c. Diabetes.

    d. Major depressive disorder.

    e. Cancer.

23. To have an actual disability or record of a disability, an employee must be substantially limited in performing a major life activity as compared to most people in the general population. The ADAAA regulations set out nine rules of construction to assist in determining whether an impairment substantially limits the employee in a major life activity. Under these rules of construction:

    a. An impairment need not prevent or significantly or severely restrict the employee from performing a major life activity to be considered a disability.

    b. The term substantially limits should be construed broadly in favor of the employee.

    c. Determining whether an impairment substantially limits an employee should:

        i. be based on an individualized assessment;

        ii. not require extensive analysis; and

        iii. not usually require scientific, medical, or statistical evidence.

24. An employee only needs to be substantially limited in one major life activity to be considered disabled under the law. (29 C.F.R. § 1630.2(j)(1).)

25. The ADAAA regulations provide a non-exhaustive list of examples of major life activities, including: Caring for oneself; Performing manual tasks; Seeing; Hearing; Eating;

Sleeping; Walking; Standing; Sitting; Reaching; Lifting; Bending; Speaking; Breathing; Learning; Reading; Concentrating; Thinking; Communicating; Interacting with others; Working; The operation of a major bodily function. (29 C.F.R. § 1630.2(i)(1).)

26. The ADAAA regulations also state that major life activities include the operation of these major bodily functions:

    a. Functions of the immune system, special sense organs, and skin.

    b. Normal cell growth.

    c. Digestive.

    d. Genitourinary.

    e. Bowel.

    f. Bladder.

    g. Neurological.

    h. Brain.

    i. Respiratory.

    j. Circulatory.

    k. Cardiovascular.

    l. Endocrine.

    m. Hemic.

    n. Lymphatic.

    o. Musculoskeletal.

    p. Reproductive.

(29 C.F.R. § 1630.2(i)(1)(ii).)

V.

## RETALIATION UNDER FMLA

27. The FMLA creates substantive (or prescriptive) rights, as well as proscriptive rights that protect employees from discrimination or retaliation for exercising those substantive rights (Amedee v. Shell Chem., L.P., 953 F.3d 831, 834 (5th Cir. 2020); Dotson v. Pfizer, Inc., 558 F.3d 284, 294 (4th Cir. 2009)).

28. In the absence of direct evidence of discrimination or retaliation, courts normally apply the McDonnell Douglas standard, under which the plaintiff bears the initial burden of establishing a prima facie case of discrimination or retaliation.

29. In order to establish a prima facie case of Retaliation under the FMLA, a plaintiff must show that:

    a. She was protected under the FMLA;

    b. She suffered an adverse employment action; and

    c. either:

        i. she was treated less favorably than an employee who had not requested FMLA leave, or

        ii. the adverse decision was made because she sought protection under the FMLA.

30. If the plaintiff establishes a prima facie case, the defendant must offer a legitimate, non-retaliatory reason for the employment action. The plaintiff then bears the ultimate burden of demonstrating that the defendant's reason is pretextual. (See Janczak, 2015 WL 4569681, at *6; Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 256 (3d Cir. 2014); Hodgens, 144 F.3d at 160-61.)

31. It is not enough for an employer to simply state a reason. Rather, "an employer at

the second prong must proffer admissible evidence showing a legitimate, nondiscriminatory, clear, and reasonably specific explanation for its actions" (Figueroa v. Pompeo, 923 F.3d 1078, 1092 (D.C. Cir. 2019) (reversing summary judgment for employer and holding that employer's "vague reason – is the equivalent of providing no reason at all")). If the "reason involves subjective criteria, the evidence must provide fair notice as to how the employer applied the standards to the employee's own circumstances" (Figueroa, 923 F.3d at 1092)).

32.     It is important to note that the Department of Labor (DOL) has issued a regulation stating that employers may not use an employee's FMLA leave as a negative factor in employment actions, which suggests the mixed-motive framework is available in FMLA retaliation cases (see 29 C.F.R. § 825.220). The Second and Third Circuits deferred to this interpretation and held that a plaintiff may use the mixed-motive framework to prove a retaliation claim under the FMLA (Woods v. START Treatment & Recovery Ctrs., Inc., 864 F.3d 158, 169 (2d Cir. 2017); Egan v. Del. River Port Auth., 851 F.3d 263, 272-73 (3d Cir. 2017)). Other circuits have not yet decided whether the but-for standard applies to FMLA retaliation claims (see, for example, Wheat v. Fla. Par. Juvenile Justice Comm'n, 811 F.3d 702, 706 (5th Cir. 2016) and Malin v. Hospira, Inc., 762 F.3d 552, 562 n.3 (7th Cir. 2014)). Many district court cases have continued to apply the mixed-motive framework to FMLA retaliation cases (see Chase v. U.S. Postal Serv., 149 F. Supp. 3d 195, 208 (D. Mass. 2016) (collecting cases), aff'd, 843 F.3d 553 (1st Cir. 2016)).

## VI.

## MOVANTS ARGUMENTS AND NON-MOVANTS RESPONSE

33.     Movant asserts there is no evidence to support at least one of the essential elements of Non-Movant's claim of AGE DISCRIMINATION. Specifically, Plaintiff has failed

to prove that she was replaced by someone younger. Movant also claims that Plaintiff has failed to offer any evidence of pretext regarding the City's alleged nondiscriminatory reason for adverse employment action.

      a.    Attached hereto and incorporated herein by reference, is an appendix containing an affidavit from Plaintiff setting forth summary judgment proof of the existence of a material fact concerning Plaintiff being replaced by someone younger and her employers pretextual reason for termination.

34.    Movant asserts there is no evidence to support three of the essential elements of Non-Movant's claim of DISABILITY DISCRIMINATION. Specifically, that Plaintiff is disabled, subject to adverse employment action "on account of" her disability or perceived disability, and that she was treated less favorably than employees without disabilities. **HOWEVER**, Movant is mistaken regarding the elements to prove a prima facie case. This discrepancy in 5th circuit case law is described in *Equal Employment Opportunity Commission v. LHC Group, Inc*. 773 F.3d. 688 (5th Cir. 2014).

      a.    Attached hereto and incorporated herein by reference, is an appendix containing affidavits, discovery, documentary evidence and Non-Movant's pleadings, setting forth summary judgment proof of the existence of a material fact concerning her disability and that she was subject to termination on account of her disability and her employers pretextual reason for termination.

35.    Movant asserts there is no evidence to support at least one of the essential elements of Non-Movant's claim of RETALIATION UNDER FMLA. Specifically, that there is no evidence of a causal connection between some FMLA protected activity and her termination.

HOWEVER, we again have a disparity in the essential elements. Under Hunt v. Rapides Healthcare Sys., LLC, 227 F.3d 757 (5th Cir. 2001), the third prong can be proven by either showing that she was treated less favorably than an employee who had not taken FMLA leave or that the termination was made because she took FMLA leave.

    a.    Attached hereto and incorporated herein by reference, is an appendix containing Plaintiffs affidavit setting forth summary judgment proof of the existence of a material fact concerning her less favorable treatment and her employers pretextual reason for termination.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Non-Movant prays that this Court will deny Defendant's Motion for No Evidence Summary Judgment, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

THE VARGAS LAW OFFICE

324 W. University Drive  
Edinburg, TX 78539  
Tel. (956) 287-3743  
Fax. (956) 365-9771  
Email: thevargaslawoffice@gmail.com

By: _____  
Daniel E. Vargas  
Texas Bar No. 24072403  
Federal Bar No. 1286250  
Attorney for Plaintiff  
Dolores Ester Valdez

## CERTIFICATE OF SERVICE

I certify that on December 22, 2022 a true and correct copy of Plaintiff's Response to Motion for No Evidence Summary Judgment was served on Isaac J. Tawil electronically through the electronic filing manager.

_____
Daniel E. Vargas